Filed 2/24/25  P. v. Quintero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOEL REYMUNDO QUINTERO,<br><br>    Defendant and Appellant. | F087983<br><br>(Super. Ct. No. BF167482A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  John W. Lua, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Joel Reymundo Quintero was convicted by jury of voluntary manslaughter and related crimes. We affirmed the convictions in a prior appeal. (*People v. Quintero* (Aug. 23, 2021, F078802) [nonpub. opn.].)

Quintero now appeals after his Penal Code[1] section 1172.6 petition for resentencing was denied. We affirm the denial.

## BACKGROUND

The Kern County District Attorney charged Quintero with committing murder, several and various firearm crimes, and active gang participation. The charges included numerous enhancements for prior convictions, gang-related crimes, gang-related special circumstance murder, and personal firearm use.

Relative to murder, the jury was instructed with the standard murder instruction, CALCRIM 520. The instruction explained guilt was proven if, among other points, Quintero acted with express or implied malice. The jury was also instructed on aiding and abetting. The aiding and abetting instruction applied if Quintero "intended" an accomplice to commit "the crime" and he "intended to" and "did in fact aid and abet" the crime. (CALCRIM 401.)

Jurors were next informed of two theories reducing murder to manslaughter. First, "murder [was] reduced to voluntary manslaughter if" the "killing" occurred "because of a sudden quarrel or in the heat of passion[.]" (CALCRIM 570.) Second, "murder [was] reduced to voluntary manslaughter if" the "killing" occurred "in imperfect self-defense or imperfect defense of another." (CALCRIM 571.)

The jury acquitted Quintero of murder. The jury convicted Quintero of voluntary manslaughter, but did not specify under which theory it found guilt. It found true the

---

[1] All statutory references are to the Penal Code.

numerous enhancements and, all told, Quintero was sentenced to serve 54 years, four months in prison.

A few months later, Quintero filed a petition for resentencing under now section 1172.6.[2] The petition claimed 1) "[a] complaint, information, or indictment was filed," permitting "the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," 2) Quintero "was convicted of … manslaughter," and 3) he "could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189[.]"

The People responded to the petition, arguing relief was unwarranted because Quintero "was the actual killer" and the trial involved neither the natural and probable consequences doctrine nor felony murder. Quintero advocated for relief, contending he "was prosecuted on a natural and probable consequences theory," his conviction was "a factual impossibility," and he "was convicted of voluntary manslaughter pursuant to a felony-murder theory." Quintero specifically alleged the "conviction for voluntary manslaughter [could not] be sustained due [to] the changes to [section] 189(e)[.]"[3]

The trial court, in its ruling after hearing, stated "the People [were] required to prove [Quintero] harbored the requisite mental state for attempted murder—express malice or an intent to kill." The court found Quintero either committed the crime or "aided and abetted" it "as a major participant … and demonstrated reckless indifference to human life." It ruled Quintero "could still be charged with voluntary manslaughter

---

[2] "[T]he Legislature … renumbered former section 1170.95 to section 1172.6[.]" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

[3] Section 189, subdivision (e) essentially states a murder conviction is only valid if a "person was the actual killer," "was not the actual killer, but, with the intent to kill, aided[ and] abetted … the actual killer in the commission of murder in the first degree," or "was a major participant [in the crime] and acted with reckless indifference[.]"

after the 2019 changes in the law regarding the culpability for murder," and denied the petition.

## DISCUSSION

On appeal, Quintero raises three points. One, "[t]he shooting did not occur during commission of the … underlying felony[.]" Two, "no substantial evidence" supports the "the trial court's findings" on reckless indifference and major participation. Three, "there is no evidence [he] was a direct aider and abettor who acted with the intent to kill."

The People contend Quintero is ineligible for relief because "he was never convicted under a theory of felony murder or natural and probable consequences." We agree.

"In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), to 'modify accomplice liability for murder and the felony-murder rule.' [Citation.] To do this, it 'eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule.' [Citation.] The purpose of the changes was 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1164 (*Mares*).)

"Section 1172.6 is the new law's procedure allowing people convicted of murder under the old law to petition for an order vacating their convictions and resentencing them on remaining counts if they could not now be convicted because of the changes made to sections 188 and 189 by Senate Bill 1437. [Citation.] In 2021, the Legislature passed Senate Bill No. 775 … which expanded the scope of the new law to, among other things, 'clarif[y] that persons who were convicted of attempted murder or manslaughter' are permitted relief as well as those convicted of murder." (*Mares, supra,* 99 Cal.App.5th at p. 1165.)

4.

"To trigger further proceedings, a petition must allege three statutory conditions of eligibility are satisfied. As in this case, petitioners typically use a form with checkboxes next to statements that restate the language from subdivisions (1), (2), and (3) of section 1172.6, subdivision (a). It is uncontested that the first two items are satisfied here. The first alleges the petitioner faced charges allowing the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice. The second alleges the petitioner was convicted of murder, attempted murder, or manslaughter or pled guilty when they could have been convicted of murder or attempted murder." (*Mares, supra,* 99 Cal.App.5th at p. 1165, fn. omitted.)

The third allegation states Quintero "could not presently be convicted of murder or attempted murder because of changes made to" sections "188 and 189[.]" That, however, is not true.

The changes made to sections 188 and 189 are immaterial to the underlying trial in this case. The jury in this case was not instructed on felony murder or aiding and abetting *under the natural and probable consequences doctrine.* Instead, the jury was instructed on personally committing murder or, alternatively, directly aiding and abetting murder. These theories remain valid and survive the changes to sections 188 and 189. (*Mares, supra,* 99 Cal.App.5th at p. 1164 [reformative legislation " 'eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule.' "].)

In sum, the changes to sections 188 and 189 are not implicated in this case. Accordingly, the trial court correctly denied the petition for resentencing. Although our rationale arguably differs from the trial court, "we review the ruling, not [its] reasoning

and, if the ruling was correct on any ground, we affirm."**4** (*People v. Geier* (2007) 41 Cal.4th 555, 582; accord *People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

Notably, the jury instructions in the underlying trial here did permit the jury to convict Quintero of murder if he aided and abetted an *implied* malice murder. The possibility is of no moment, however, because "notwithstanding [legislative] elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can *still* be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*People v. Gentile* (2020) 10 Cal.5th 830, 850, italics added.)

All liability theories advanced at trial survived changes in the law and remain valid today. It is important to understand the law defining murder does not require an intent to kill. Rather, it requires "malice aforethought." (§ 188, subd. (a)(3).) Imputing malice aforethought is now prohibited, but that does not mean an express intent to kill is necessary.**5**

Finally, to the extent Quintero argues the conviction is a factual impossibility, a section 1172.6 "petition is not a means by which a defendant can relitigate issues already decided." (*People v. Coley* (2022) 77 Cal.App.5th 539, 549.) The facts in this case were already tried to a jury and upheld on appeal. The "petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

---

**4** We agree with the trial court "the 2019 changes in the law regarding the culpability for murder" are irrelevant to the actual, not hypothetical, trial in this case.

**5** The trial court found the aiding and abetting jury instructions "lack[ed]" an "intent to kill" requirement, leaving "the necessary mental state for" murder "absent in the instruction[.]" The finding misapprehends the law, but the instructions nonetheless properly explained the law to the jury.

6.

## **DISPOSITION**

The order denying the section 1172.6 petition is affirmed.

SNAUFFER, J.

WE CONCUR:


FRANSON, Acting P. J.


MEEHAN, J.

7.